Larry Paul **DAHLKOETTER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 07–81–0110–CR.

Court of Appeals of Texas, Amarillo.

Feb. 10, 1982.

Russell C. Busby, P. C., Amarillo, for appellant.

John H. Tull, Jr., County Atty., John L. Owen, Asst. County Atty., Amarillo, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Judge.

After first receiving a deferred adjudication of guilt under article 42.13 § 3d(a), Tex.Code Cr.P.Ann. (Vernon Supp.1981), appellant was adjudged guilty of the misdemeanor offense of driving while under the influence of intoxicating liquor. Tex.Rev. Civ.Stat.Ann. art. 6701$l$–1 (Vernon Supp. 1980). Punishment was assessed at 45 days in the county jail and a fine of $150 and appellant was sentenced accordingly. The single question presented by this appeal is whether it was error for the adjudication of guilt, punishment and sentence to be determined by a judge who did not participate in the initial deferred adjudication proceedings. Concluding that it was not, we affirm.

On April 15, 1980, appellant plead guilty to the charge in question in the County Court at Law of Potter County, Texas. The case was heard by the Honorable Richard Dambold, judge of Potter County Court at Law No. 2, acting under an exchange of benches authorized by article 1970–311b § 24, Tex.Rev.Civ.Stat.Ann. (Vernon Supp. 1981). After receiving appellant's guilty plea, Judge Dambold heard the evidence and found "that it substantiates the [appel-

lant's] guilt ..." He then granted appellant's application for deferred adjudication and placed him on probation for one year under numerous terms and conditions.

On August 7, 1980, the State filed a motion requesting the court to proceed to an adjudication of guilt. The motion alleged that appellant had violated various terms and conditions of his probation. On April 13, 1981, Judge David L. Gleason, the judge of the Potter County Court at Law, granted the State's motion, adjudicated appellant's guilt and assessed punishment. After sentencing, appellant prosecuted this appeal.

Before resolving the question presented by appellant, there is a threshold question to be resolved. Article 42.13 § 3d(b), Tex. Code Cr.P.Ann. (Vernon Supp.1981), states that no appeal may be taken from the trial court's decision to proceed to an adjudication of guilt. The Court of Criminal Appeals, construing identical language in article 42.12 § 3d(b), Tex.Code Cr.P.Ann. (Vernon 1979), said the language means exactly what it says:

> While appellants situated similarly to appellant herein, are free to avail themselves of the appellate process "[a]fter an adjudication of guilt ... as if the adjudication of guilt had not been deferred," the statute clearly provides that *the trial court's decision to proceed with an adjudication of guilt, is one of absolute discretion and not reviewable* by this Court. [Footnote omitted.] We therefore hold that appellant's ground of error presents nothing for review. *Cf. Houlihan v. State*, 579 S.W.2d 213 (Tex.Cr.App.1979); and *Lopez v. State*, 556 S.W.2d 821 (Tex. Cr.App.1977). [Emphasis added.]

*Williams v. State*, 592 S.W.2d 931, 932 (Tex. Cr.App.1979).

■ We are satisfied, however, that we are not prohibited from reviewing the issue before us. The provision in question is de-signed to eliminate appellate review of the hearing on the motion to adjudicate guilt, including but not limited to issues such as admissibility or sufficiency of the evidence. We do not perceive it as denying an appeal for the purpose of determining whether the judge who conducted the hearing on the motion to adjudicate guilt was empowered to do so. That issue is reviewable under the last sentence of article 42.13 § 3d(b), Tex. Code Cr.P.Ann. (Vernon Supp.1981), which permits an appeal on issues other than the decision to proceed to adjudication of guilt. We will, therefore, dispose of the ground of error before us on its merits.*

■ Appellant's only argument is that Judge Gleason was not empowered to proceed to an adjudication of guilt because he did not hear the evidence on which the deferred adjudication was based. The contention does not present reversible error for the following reasons.

First, the asserted error was not preserved in the trial court. Appellant never objected to Judge Gleason's participation in the case or indicated in any way that it was error for him to do so. Having failed to give the trial court an opportunity to correct the alleged error, appellant cannot obtain relief here. *Hovila v. State*, 562 S.W.2d 243, 249 (Tex.Cr.App.1978); *Varela v. State*, 561 S.W.2d 186, 192 (Tex.Cr.App. 1978).

■ Second, even if proper objection had been made, the procedure followed in the trial court was not error. We can visualize a situation where it would be error if one judge heard evidence on an issue and a different judge, who had not heard or reviewed the evidence, made a fact finding on that issue. *See, e.g., Rutherford v. Rutherford*, 554 S.W.2d 829 (Tex.Civ.App.—Amarillo 1977, no writ). However, that did not occur in this case. Judge Dambold heard

---

* There is confusion in the cases because the hearing to proceed to an adjudication of guilt is sometimes loosely referred to as a probation revocation hearing. Although violation of the probation received under a deferred adjudication is a basis for proceeding to an adjudication of guilt, Tex.Code Cr.P.Ann. art. 42.13 § 3d(b) (Vernon Supp.1981), the trial court does not revoke the defendant's probation in the hearing. It simply adjudicates guilt and assesses punishment as if the deferred adjudication had never occurred. Tex.Code Cr.P.Ann. art. 42.13 § 3d(b) (Vernon Supp.1981).

the evidence and found as a fact that the evidence substantiated appellant's guilt, a finding required by article 42.13 § 3d(a), Tex.Code Cr.P.Ann. (Vernon Supp.1981). Judge Gleason's subsequent decision to proceed to an adjudication of guilt was not predicated on, or even concerned with, the evidence pertinent to appellant's guilt; that evidence had already been heard, evaluated and found sufficient by Judge Dambold. Rather, Judge Gleason was deciding whether appellant should be permitted to remain in an unadjudicated status or incur the numerous stigmas of a formal adjudication. His decision on that issue was grounded on activities by appellant after Judge Dambold found that appellant had committed the offense with which he was initially charged. Thus, the two judges were concerned with different problems connected only by a common defendant. As in analogous cases, the procedure followed in the trial court was not erroneous. *See Woods v. State,* 569 S.W.2d 901, 903 (Tex.Cr.App.1978); *Hogan v. State,* 529 S.W.2d 515, 517 (Tex.Cr.App. 1975); *Lavallas v. State,* 444 S.W.2d 931, 932 (Tex.Cr.App.1969).

We also observe that the construction of article 42.13 § 3d, Tex.Code Cr.P.Ann. (Vernon Supp. 1981), advanced by appellant would render the statute virtually unworkable. Retirement, resignation, death or numerous other factors could make it impossible for the same judge to hear the two segments of the case; thus, a defendant who had received a deferred adjudication could never be found guilty. We do not believe the legislature, in its wisdom, intended such a result and we will not so construe the statute absent clear statutory language compelling us to do so. *See State v. Touchy,* 581 S.W.2d 773, 775 (Tex.Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Ex parte Salter,* 452 S.W.2d 711, 712–13 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd); *Fuentes v. Howard,* 423 S.W.2d 420, 423 (Tex.Civ.App.—El Paso 1968, writ dism'd).

The ground of error is overruled. The judgment of the trial court is affirmed.