Cesar Maurice ROCHA, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–94–00839–CR.

Court of Appeals of Texas,
Dallas.

May 30, 1995.

Jane M. Corley, Corley & Corley, Dallas,
for appellant.

Libra Lange, Asst. Dist. Atty., Dallas, for
appellee.

Before KINKEADE, MORRIS and WHITTINGTON, JJ.

## OPINION

KINKEADE, Justice.

Cesar Maurice Rocha appeals his conviction for attempted murder. In three points of error, Rocha generally contends: (1) there was insufficient evidence to support the trial court's granting of the State's motion to adjudicate; and (2) he is entitled to appeal the trial court's determination to proceed with adjudication under the provisions of the Texas and United States Constitutions governing equal protection. Because no appeal may be taken from the trial court's determination to adjudicate guilt and the inability to appeal this determination does not violate the constitutional guarantees of equal protection, we affirm the judgment of the trial court.

## PROCEDURAL HISTORY

On December 17, 1991, Rocha pleaded nolo contendere to the offense of attempted murder. The trial court found that the evidence substantiated Rocha's guilt, but deferred adjudication and placed him on five years' probation for the offense.

On April 18, 1994, the State filed a motion to adjudicate alleging that Rocha violated the terms of his deferred adjudication probation. On May 11, 1994, the trial court held a hearing on the motion to proceed with an adjudication of guilt on the original charge. Rocha pleaded not true to the charges alleged in the motion. The trial court found the charges true and proceeded with an adjudication of Rocha's guilt of the original offense. The trial court found Rocha guilty of attempted murder and set punishment at twenty years' confinement in the state penitentiary.

## APPEAL OF DETERMINATION TO PROCEED WITH ADJUDICATION

In his first point of error, Rocha contends there was insufficient evidence to support the trial court's granting of the State's motion to adjudicate. The State responds that Rocha's insufficiency claim is an improper attempt to appeal the trial court's decision to proceed with adjudication.

■ The court of criminal appeals has consistently held that no appeal may be taken from a hearing in which the trial court determines to proceed with an adjudication of guilt on the original charge. *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim.App.1992); *Contreras v. State*, 645 S.W.2d 298 (Tex. Crim.App.1983); *Williams v. State*, 592 S.W.2d 931, 932–33 (Tex.Crim.App.1979). The ability to appeal such a determination is specifically foreclosed by statutory law. TEX. CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon 1994). The decision to adjudicate is within the absolute discretion of the trial court. *Fielding v. State*, 719 S.W.2d 361, 363 (Tex.App.—Dallas 1986, pet. ref'd).

## EQUAL PROTECTION

Rocha concedes that current Texas law denies him the ability to appeal. However, in his second and third points of error, Rocha argues that the equal protection provisions of the Texas and United States Constitutions require that he be allowed to appeal. He contends he is being denied equal protection because if he had been placed on "regular" probation, rather than deferred adjudication probation, he would have been able to appeal the revocation of his probation. Therefore, Rocha alleges, he is being denied the same protections afforded "regular" probationers.

■ The State contends that Rocha provides nothing for this Court to review regarding his state constitutional claim because Rocha failed to make a specific argument as to the protections offered by the Texas Constitution. Where a defendant does not provide "argument or authority concerning the protection provided by the Texas Constitution or how that protection differs from the protection provided by the United States Constitution," we will not address the Texas constitutional claim. *Muniz v. State*, 851 S.W.2d 238, 251–52 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993). However, Rocha specifically argues in his second point of error that he has been denied equal protection under Texas Constitution article 1, sections 3, 3a, and 19, because he was denied the same

rights provided to regular probationers. In support of this argument, Rocha cites to *Olowosuko, supra,* and *Russell v. State,* 702 S.W.2d 617 (Tex.Crim.App.1985), *cert. denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986). Because we believe that Rocha provided this Court with sufficiently separate arguments and authorities concerning his Texas constitutional rights, we will address both Rocha's Texas and United States constitutional claims.

 In Texas, the right to appeal is statutory, not constitutional. *Ex parte Spring,* 586 S.W.2d 482, 485–86 (Tex.Crim. App.1978); *Mayers v. State,* 735 S.W.2d 550, 551 (Tex.App.—Dallas 1987, no pet.). The United States Constitution does not require states to provide appellate review of criminal convictions; therefore, a state may limit or deny the right to appeal a criminal conviction. *Phynes v. State,* 828 S.W.2d 1, 2 (Tex. Crim.App.1992).

 Rocha argues that he is being denied equal protection because, unlike a regular probationer, he is not permitted to appeal from the revocation of his probation. Both the state and federal equal protection guarantees require a similar multi-tiered analysis. *Trinity River Auth. v. URS Consultants, Inc.,* 889 S.W.2d 259, 264 (Tex.1994). In reviewing equal protection challenges, unless a classification limits fundamental personal rights or is drawn upon inherently suspect distinctions, the Court will presume the constitutionality of the statutory discrimination and require only that the classification challenged be rationally related to a legitimate state interest. *Friedman v. Rogers,* 440 U.S. 1, 17, 99 S.Ct. 887, 898, 59 L.Ed.2d 100 (1979). It is well settled that the legislature has considerable leeway to enact legislation that may affect similarly situated people differently. *Clements v. Fashing,* 457 U.S. 957, 962, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508 (1982); *Clark v. State,* 665 S.W.2d 476, 480 (Tex.Crim.App.1984). The right to appeal does not create a suspect class or infringe on a fundamental right. *Buchanan v. State,* 881 S.W.2d 376, 380 (Tex.App.—Houston [1st Dist.] 1994, pet. granted). Therefore, the issue for this Court is whether the denial of the right to appeal is rationally related to a legitimate state interest.

 Deferred adjudication probation and regular probation have distinct differences. A regular probationer is found guilty before being placed on probation. In contrast, under deferred adjudication, there is no finding of guilt unless the defendant violates the terms of his deferred adjudication probation and the trial court, upon motion, decides to proceed with an adjudication of guilt. A defendant is eligible for deferred adjudication only if he agrees to plead guilty or nolo contendere. Both the State and the defendant receive benefits from deferred adjudication: (1) both sides avoid the burden of a trial; (2) the defendant is given the chance to avoid a conviction; and (3) the State conserves scarce judicial and prosecutorial resources.

It is not unconstitutional for the State to extend a benefit to a defendant who in turn extends a substantial benefit to the State. Because the benefit conferred upon the State is the conservation of judicial and prosecutorial resources, the legislature could rationally choose to condition the probationer's benefit on the relinquishment of his right to appeal the determination to adjudicate. *See Buchanan,* 881 S.W.2d at 380. To allow deferred adjudication probationers to appeal these determinations would negate the benefit bestowed upon the State. The resources saved by avoiding a trial would be spent on the appeal of the determination.

Accordingly, we conclude that denying a deferred adjudication probationer the right to appeal the trial court's determination to proceed with adjudication is rationally related to the legitimate State interest of conserving resources. We overrule appellant's second and third points of error.

Because no appeal may be taken from the trial court's determination to proceed with an adjudication of guilt on the original charge, we do not address the merits of Rocha's first point of error. We dismiss the first point of error and affirm the trial court's judgment.