**Roger Lee BURGER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–00214–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 14, 1996.

Lawrence Newman, Houston, for Appellant.

John B. Holmes, Fred Stuart Wilson, Houston, for Appellee.

Before MIRABAL, HEDGES and SMITH *, JJ.

## OPINION

HEDGES, Judge.

Appellant, Roger Lee Burger, entered a plea of no contest to the offense of indecency with a child. Pursuant to a plea bargain agreement, the trial court deferred an adjudication of guilt and placed appellant on probation for a period of eight years. Following a hearing on the State's motion to adjudicate guilt, appellant was found guilty on his original plea and was sentenced by the court to 20 years' confinement.

In four points of error, appellant contends that (1) there is insufficient evidence to support the court's adjudication of guilt; (2) the adjudication was based on an improper delegation of authority to appellant's probation officer; (3) the trial court failed to make a written statement of the evidence he relied on in making the decision to revoke appellant's probation; and (4) denial of the right to appeal the court's adjudication of guilt violates his right to equal protection. We affirm.

## FACTS

On September 30, 1992, appellant entered a plea of no contest to the offense of indecency with a child. The standard form for a plea of guilty was modified to reflect his no contest plea. Pursuant to a plea bargain agreement, the court deferred adjudication of guilt and placed appellant on probation for a period of eight years.

On April 13, 1994, the State filed a motion to adjudicate guilt, alleging two counts of theft and three violations of the conditions of appellant's probation. Although appellant pled true to these allegations, the trial court overruled the motion. On December 19, 1994, a second motion to adjudicate guilt was filed, alleging that appellant had tested positive for marihuana use and that he had violated the terms and conditions of his probation.[1] Appellant filed a "Reply to State's Motion to Adjudicate Guilt" specifically challenging the sufficiency of his original no contest plea, as modified, to support a finding of guilt for the offense of indecency with a child.

On February 22, 1995, the trial court conducted a hearing on the State's motion to adjudicate guilt. The court first addressed appellant's reply, which is substantively a motion to overrule the State's motion to adjudicate and to set aside his plea of nolo contendere. The court overruled appellant's motion and proceeded to a hearing on the State's motion to adjudicate. After hearing the testimony of witnesses for both appellant (appellant's aunt, his girlfriend, and appellant himself) and the State (appellant's probation officer and the provider of the sex offender program appellant attended), together with argument of counsel, the court found that appellant had violated the conditions of his probation. It entered an adjudication of guilt and sentenced appellant to 20 years in prison.

## SUFFICIENCY OF THE EVIDENCE

In point of error one, appellant argues that the evidence is insufficient to support the trial court's finding of guilt. Appellant modified the standard guilty form plea and added "I stipulate that if the State's witnesses were present, they would testify I committed the offense of indecency with a child as alleged

---

* The Honorable Jackson B. Smith Jr., retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. Specifically, appellant failed to report to his probation officer as directed, failed to faithfully participate in a sex-offender treatment program as directed, failed to reimburse Harris County for attorney's fees, and failed to pay his fine and court costs.

above." He contends that the "modified" stipulation on his plea form did not provide sufficient evidence to support a finding of guilt because it did not confess or admit that he committed the offense to which he pled "no contest." He claims that it merely stipulated that the State's witnesses would testify that he committed the acts as alleged in the indictment, not that such testimony would be true.

## Standard of Review

■ As used in article 1.15 of the Texas Code of Criminal Procedure, the term "stipulation" includes agreements about what particular. evidence or testimony would be, if presented in full in open court, without conceding the truthfulness of that evidence or otherwise waiving the need for proof. *Robinson v. State,* 739 S.W.2d 795, 799–800 n. 5 (Tex.Crim.App.1987); TEX.CODE CRIM.P.ANN. art. 1.15 (Vernon Supp.1996). In reviewing the sufficiency of stipulated evidence to support the trial court's finding of guilt, we view stipulations as if they were actual witness testimony. *Robinson,* 739 S.W.2d at 800 (quoting *Stell v. State,* 496 S.W.2d 623, 626 (Tex.Crim.App.1973)). The relevant inquiry is whether, after viewing the evidence in the light most favorable to the verdict, the trial judge as a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

## Discussion

Based on his plea of nolo contendere, the propriety of appellant's conviction is governed by article 1.15 of the Texas Code of Criminal Procedure. That article provides:

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right to trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be *necessary for the state to introduce evidence into the record showing the guilt of the defendant* and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. *The evidence may be stipulated* if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of the witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must ... be filed in the file of the papers of the cause.

TEX.CODE CRIM.P.ANN. art. 1.15 (Vernon Supp.1996) (emphasis added).

■ Article 1.15 requires the State to introduce sufficient evidence to support a judgment upon a plea of guilty or nolo contendere. *Johnson v. State,* 722 S.W.2d 417, 422 (Tex.Crim.App.1986), *overruled on other grounds, McKenna v. State,* 780 S.W.2d 797, 800 (Tex.Crim.App.1989). The supporting evidence can consist of oral or written stipulations of evidence even though they do not contain a confession of guilt by the accused. *See Galitz v. State,* 617 S.W.2d 949, 954–55 (Tex.Crim.App.1981) (trial court found appellant guilty, even though all references to "judicial confession" and "truth of the allegations" were struck on the plea form, based on defendant's written stipulation to the testimony of the State's witnesses). Furthermore, no separate assertion as to the truth of stipulated evidence is required. *See Brewster v. State,* 606 S.W.2d 325, 329 (Tex.Crim. App.1980); *Rosenkrans v. State,* 758 S.W.2d 388, 389 (Tex.App.—Austin 1988, pet. ref'd).

In *Brewster,* the defendant pled nolo contendere to the offense of possession of a controlled substance. 606 S.W.2d at 326. The defendant executed a modified form stipulation, waiving confrontation, consenting to oral stipulation of evidence, and stipulating that the witnesses would testify that, on the day and place in question, the defendant did intentionally and knowingly possess a controlled substance. *Id.* at 327. The Court of Criminal Appeals affirmed, stating that article 1.15 applies "whether the stipulation relates to what a witness would testify *or to the*

*truth of the allegation* in the indictment." *Id.* n. 13 (emphasis added).

■ In this case, appellant signed a standard plea form in which he waived his right of trial by jury, and the appearance and confrontation of witnesses. He modified the form by crossing out the words "judicial confession" and waiver of his "right against self-incrimination," and changed the word confess to "do not contest." Similar to the *Brewster* stipulations, appellant's plea contained the written stipulation: "I stipulate that if the State's witnesses were present, they would testify I committed the offense of indecency with a child as alleged above." He testified at the hearing on his plea that he understood what he was signing, the rights he was relinquishing, and the terms of his plea bargain agreement. This procedure meets the requirements of article 1.15 of the Texas Code of Criminal Procedure.

Appellant cites *Bourland v. State*, 502 S.W.2d 8 (Tex.Crim.App.1973), to support his contention that under a plea of no contest, an agreed stipulation about facts to which witnesses would testify is insufficient evidence to support a conviction unless it also stipulates to the truth of such testimony. *Bourland* involved a conviction for exhibiting obscene materials. We agree with the State that the rationale in *Bourland* is colored by the heightened proof requirements associated with obscenity prosecutions. Therefore, we believe that *Bourland* does not control this case, and in so holding we decline to follow its progeny. *See Stone v. State*, 909 S.W.2d 570, 572 (Tex.App.—Houston [14th Dist.] 1995, pet. granted); *Pine v. State*, 872 S.W.2d 25, 26 (Tex.App.—Houston [14th Dist.] 1994, no pet.). We believe that the better authority in this case is *Ellard v. State*, 650 S.W.2d 840, 841 (Tex.Crim.App. 1983), a drug possession case, in which the Court of Criminal Appeals held that "this stipulation—that witnesses would testify to facts that would satisfy the elements of proof of the indictment—would support the trial

court's finding that the appellant was guilty of the alleged offense...." *Id.*[2]

We hold that appellant's no contest plea and stipulation to the testimony of the State's witnesses is sufficient evidence to support the adjudication of guilt by the trial court.

We overrule point of error one.

## CHALLENGES TO THE COURT'S DECISION TO ADJUDICATE GUILT

■ In point of error two, appellant asserts that the court improperly delegated its authority to set terms and conditions of probation to the probation officer and that the court's determination to adjudicate his guilt based on a violation of those terms and conditions was a violation of his rights to due process. In point of error three, appellant contends that the court's failure to make a written statement of the evidence relied on and the reasons for revoking probation was a further denial of his right to due process.

■ The crux of appellant's complaints is that the alleged violations cannot support the determination to proceed with an adjudication of guilt. Article 42.12 controls questions concerning adult probation and applications to revoke probation. *See* TEX.CODE CRIM. P.ANN. art 42.12 (Vernon Supp.1996); *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim. App.1992). Deferred adjudication and a court's subsequent determination to adjudicate guilt are controlled by article 42.12, sections 5(a) and (b). Article 42.12, section 5(b) specifically provides that there shall be no appeal taken from the trial court's determination to adjudicate. TEX.CODE CRIM. P.ANN. art 42.12, § 5(b) (Vernon Supp.1996).

The Court of Criminal Appeals has held that the legislature meant what it said in article 42.12, section 5(b): "No appeal may be taken from this determination [to proceed with an adjudication of guilt]." *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim.App. 1992) (citing *Williams v. State*, 592 S.W.2d 931, 932 (Tex.Crim.App.1979)). Thus, the

**2.** Ellard's conviction was overturned, not because the stipulation was insufficient evidence of the elements of the crime for which he was indicted, but because the agreement to stipulate evidence was not approved and signed by the court as required by TEX.CODE CRIM.P.ANN. art. 1.15.

trial court's decision to proceed with an adjudication of guilt is one of absolute, nonreviewable discretion. *Williams,* 592 S.W.2d at 932–33. Therefore, appellant may not seek review by direct appeal. *Phynes,* 828 S.W.2d at 2.[3]

We overrule points of error two and three.

## EQUAL PROTECTION

In point of error four, appellant contends that he has been denied his right to equal protection, as guaranteed by the United States and Texas Constitutions, because he is not allowed to appeal the trial court's decision to adjudicate guilt.

In support of his argument, appellant cites the concurring opinion in *Olowosuko v. State,* 826 S.W.2d at 942, wherein Judge Overstreet expressed some concern about whether a deferred adjudication probationer should have the right to appeal the revocation of his probation, given the fact that "regular" probationers are given such a right.[4]

■ The United States Constitution does not require any sort of appellate review. *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956). Nor does any provision of the Texas Constitution guarantee the right to appeal a criminal conviction; that right is a legislative creation. *Phynes,* 828 S.W.2d at 2. The legislature has not seen fit to provide appellate review from a decision to adjudicate guilt in a deferred adjudication proceeding. Tex.Code Crim. P.Ann. art. 42.12 § 5(b). Because the right to appeal is not constitutionally guaranteed, the legislature's decision not to provide such a right in deferred adjudication proceedings is not unconstitutional. *See Buchanan v. State,* 881 S.W.2d 376, 380 (Tex.App.—Houston [1st Dist.] 1994), *reversed on other*

*grounds, Buchanan v. State,* 911 S.W.2d 11 (Tex.Crim.App.1995).

The Equal Protection Clause allows the legislature considerable leeway to enact legislation that may appear to affect similarly situated persons differently. *Clements v. Fashing,* 457 U.S. 957, 962–63, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508 (1982); *Clark v. State,* 665 S.W.2d 476, 480–81 (Tex.Crim.App. 1984). Unless the classification interferes with the exercise of a fundamental right, or places a burden on a suspect class, the classification will not be set aside on equal protection grounds if it is rationally related to a legitimate state interest. *Friedman v. Rogers,* 440 U.S. 1, 17, 99 S.Ct. 887, 898, 59 L.Ed.2d 100 (1979); *Clark,* 665 S.W.2d at 480–81.

The right to appeal does not create a suspect class or infringe on a fundamental right. *Rocha v. State,* 903 S.W.2d 789, 791 (Tex.App.—Dallas 1995, no pet.) (quoting *Buchanan v. State,* 881 S.W.2d at 380). Therefore, the only remaining issue is whether the denial of the right to an appeal in deferred adjudication cases is rationally related to the accomplishment of a legitimate state interest. *See Rocha,* 903 S.W.2d at 791. As we reasoned in *Buchanan,* we find that there is a rational basis for treating deferred adjudication probationers differently from regular probationers. 881 S.W.2d at 380.

A regular probationer is found guilty before being placed on probation. By contrast, under deferred adjudication, there is no finding of guilt unless the defendant violates the terms of his deferred adjudication probation and the trial court, on the State's motion, decides to proceed with an adjudication of guilt. *See Rocha v. State,* 903 S.W.2d at 791. If the deferred adjudication probationer successfully completes his probation, he will

---

3. We disagree that *Eldridge v. State,* 731 S.W.2d 618, 619 (Tex.App.—Houston [1st Dist.] 1987, no pet.), supports appellant's claim. In *Eldridge,* this Court held that it had "jurisdiction to determine if a 'hearing' was held [on the State's motion to adjudicate based on alleged probation violations] that satisfied the requirements of due process." In this case, it is clear that a hearing was held. Appellant complains of the trial court's actions following the hearing.

4. There is confusion in the cases because the hearing to proceed to an adjudication of guilt is sometimes loosely referred to as a probation revocation hearing. *Dahlkoetter v. State,* 628 S.W.2d 255, 257 n.* (Tex.App.—Amarillo 1982, no pet.). Although violation of the probation received under a deferred adjudication is a basis for proceeding to an adjudication of guilt, the trial court does not revoke the defendant's probation in the hearing. It simply adjudicates guilt and assesses punishment as if the deferred adjudication had never occurred. *Id.*

438

have no criminal record. Thus, deferred adjudication probationers are given a valuable benefit that is not afforded to regular probationers. The legislature could rationally have chosen to condition the award of such a benefit on the relinquishment of a right to appeal, thereby conserving the judicial and prosecutorial resources of the State. To allow deferred adjudication probationers to appeal these determinations would negate the benefit bestowed upon the State. *See Rocha,* 903 S.W.2d at 791; *Buchanan,* 881 S.W.2d at 380.

We conclude that denying a deferred adjudication probationer the right to appeal the trial court's determination to proceed with adjudication is rationally related to the legitimate State interest of conserving resources, and thus does not violate appellant's right to equal protection under the law.

We overrule point of error four.

We affirm the judgment of the trial court.