Benny LEAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–95–312–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 22, 1998.

Joe James Sawyer, Austin, for appellant.

W.C. Kirkendall, Dist. Atty., Seguin, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr., and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Benny Leal, appellant, pleaded guilty to the charge of delivery of marihuana. The trial court deferred an adjudication of guilt and placed appellant on community supervision for a period of five years. Following a hearing on the State's motion to adjudicate, appellant was adjudicated guilty on his original plea, the court found him guilty, and he was sentenced to ten years imprisonment. In two points of error, appellant challenges the sufficiency of the evidence to support the alleged violations of his community supervision. We dismiss the appeal.

### FACTS

On May 3, 1990, appellant entered a plea of guilty to the offense of delivery of marihuana. The trial court, after finding the facts sufficient to find appellant guilty, ordered that further proceedings be deferred without entering an adjudication of guilt and placed appellant on deferred adjudication probation for a period of five years, specifying terms and conditions of community supervision.

On December 1, 1994, the State filed a motion to adjudicate alleging subsequent law violations, failure to report, and failure to pay fines, fees, and costs, all in violation of the terms of his probation. Appellant pleaded "not true" to all counts. On June 30, 1995, after a hearing on the State's motion, the trial court adjudicated appellant guilty on the original charge and sentenced appellant to ten years imprisonment.

### DISCUSSION

In two points of error, appellant claims he was denied due process of law because the evidence was insufficient to show that he violated any condition of his probation. In the brief filed by the State, it is contended that the evidence is sufficient to show that appellant had engaged in the delivery of controlled substances in violation of his conditions of community supervision.

Violations of community supervision and adjudications of guilt of those granted deferred adjudication are governed by article 42.12 § 5(b) of the Texas Code of Criminal Procedure which provides that "no appeal may be taken from this determination [to adjudicate]." TEX.CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp.1998). The Court of Criminal Appeals has held that the above quoted statement means exactly what it says. *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim.App.1992) (citing *Williams v. State*, 592 S.W.2d 931, 932 (Tex.Crim.App. 1979)). *See also Burger v. State*, 920 S.W.2d 433, 436 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd); *Rocha v. State*, 903 S.W.2d 789, 790 (Tex.App.—Dallas 1995, no pet.).

In *Williams*, the Court of Criminal Appeals said that "the trial court's decision to proceed with an adjudication of guilt, is one of absolute discretion and not reviewable by this Court." *Williams*, 592 S.W.2d at 932–33; *see also Abdallah v. State*, 924 S.W.2d 751, 754–55 (Tex.App.—Fort Worth 1996, pet. ref'd); *Burger*, 920 S.W.2d at 436.

Accordingly, it follows, we have no authority to review the adjudication of guilt in this case. This appeal is therefore dismissed.