NUMBER 13-99-560-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


CHARLES EDWARD HARRIS
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 156th District Court


of Bee County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 Appellant, Charles Edward Harris, pleaded nolo contendere to the
offense of aggravated sexual assault as part of a plea agreement.(1) See
Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2000). After hearing the
evidence and finding that it substantiated appellant's guilt, the court
deferred further proceedings without entering a finding of guilt, and
placed appellant on community supervision for ten years. The State
subsequently filed a motion to adjudicate guilt. After hearing the
motion and evidence, the trial court revoked appellant's community
supervision, found him guilty of the offense of aggravated sexual
assault, and assessed punishment at fifteen years imprisonment. 
Appellant filed a general notice of appeal. We dismiss for want of
jurisdiction.

 Appellant's court-appointed counsel has filed a brief in which he
concludes the appeal is frivolous and without merit. The brief meets
the requirements of Anders v. California, 386 U.S. 738, 744-45 (1967). 
Counsel referred this Court to error in the record that might arguably
support the appeal. See Anders, 386 U.S. at 744. He also presented a
professional evaluation of the record demonstrating why there are no
other arguable grounds of error on appeal. See High v. State, 573
S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel certified in his brief
he served appellant with a copy of the brief, accompanied by a letter
informing appellant of his right to examine the record for the purposes
of filing his own brief. Counsel also certified he informed the trial court
that a frivolous appeal brief was filed, so that the court might arrange
for appellant to inspect the appellate record in this case. More than
thirty days have passed since appellant was so advised, and he has not
filed a pro se brief.

 Appellant does, however, contend that the trial court abused its
discretion in revoking his community supervision when the court failed
to admonish appellant, at the revocation hearing, that his guilt would
be adjudicated and what the range of punishment might be. Further,
appellant contends that, at the revocation hearing, the trial court should
have allowed him to withdraw his plea of true to the allegation that he
possessed cocaine when he pleaded not true to a very similar allegation
that he had possessed cocaine not prescribed by a physician.

 Article 42.12, section 5 of the code of criminal procedure controls
questions concerning deferred adjudication community supervision and
motions to adjudicate guilt. Article 42.12, section 5(b) states in relevant
part as follows:

 On violation of a condition of community supervision
imposed under Subsection (a) of this section, the defendant
may be arrested and detained . . . . The defendant is entitled
to a hearing limited to the determination by the court of
whether it proceeds with an adjudication of guilt on the
original charge. No appeal may be taken from this
determination.


Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2000).

 It is well settled that no appeal may be taken from the hearing in
which the trial court determines to proceed with an adjudication of guilt
on the original charge. See id; Pynes v. State, 828 S.W.2d 1, 2 (Tex.
Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim.
App. 1992); Russell v. State, 702 S.W.2d 617, 618 (Tex. Crim. App.
1985); Leal v. State, 962 S.W.2d 652, 653 (Tex. App.--Corpus Christi
1998, no pet.); Lindsey v. State, 902 S.W.2d 9, 13 (Tex. App.--Corpus
Christi 1995, no pet.). This rule is designed to eliminate appellate
review of the hearing on the motion to adjudicate guilt, including, but
not limited to, issues such as admissibility and sufficiency of the
evidence. See Gilbert v. State, 852 S.W.2d 623, 625 (Tex. App.--Amarillo 1993, no pet.); De Leon v. State, 797 S.W.2D 186, 188 (Tex.
App.--Corpus Christi 1990, no pet.); Dahlkoetter v. State, 628 S.W.2d
255, 257 (Tex. App.--Amarillo 1982, no pet.).

 We have carefully reviewed the record and counsel's brief and
agree that this appeal is wholly frivolous and without merit. We find
nothing in the record which might arguably support this appeal.

 Further, rule 25.2(b)(3) of the Texas Rules of Appellate Procedure
provides that following an agreed plea of guilty or no contest, and
where the punishment does not exceed the punishment recommended
by the prosecutor and agreed to by the defendant, a notice of appeal
must specify that (1) the appeal is for a jurisdictional defect, (2) the
substance of the appeal was raised by written motion and ruled on
before trial, or (3) state that the trial court granted permission to appeal. 
See Tex. R. App. P. 25.2(b)(c). Rule 25.2(b)(3) applies to appeals from
deferred adjudication orders. See Manuel v. State, 994 S.W.2d 658,
662 & 662 n.6 (Tex. Crim. App. 1999) (citing Watson v. State, 924
S.W.2d 711, 714 (Tex. Crim. App. 1996) (applying former rule 40(b)(1)
to appeals from revocation of deferred adjudication)).

 The court of criminal appeals has also held that imposition of a
higher sentence after adjudication does not exceed the recommendation
of the prosecutor because the plea bargain was satisfied and completed
by the previous assessment of deferred adjudication probation. See
Ditto v. State, 988 S.W.2d 236, 240 (Tex. Crim. App. 1999); Watson,
924 S.W.2d at 714.

 Because appellant entered an agreed plea of no contest, and
because the punishment assessed did not exceed the punishment
recommended by the prosecutor, rule 25.2(b)(3) limits our jurisdiction
over this appeal. Nothing in appellant's notice of appeal indicates that
appellant is appealing a jurisdictional issue, an issue raised by written
motion and ruled on before trial, or that the trial court granted
permission to appeal nonjurisdictional issues. Thus, appellant's notice
of appeal confers no jurisdiction on this Court to hear this appeal.

 We dismiss the appeal for want of jurisdiction.

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 29th day of June, 2000.

 

1. Appellant agreed to confinement of ten years suspended to ten
years community supervision. The plain language of the plea
agreement contemplates a recommendation of 10 years' deferred
adjudication probation; not a 10 year sentence if the case proceeded to
adjudication.