Dismissed and Memorandum Opinion filed February 6, 2003













Dismissed and
Memorandum Opinion filed February 6, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00440-CR

____________

 

CHRISTOPHER DAVALOS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_____________________________________________________________________

 

On Appeal from
the 400th District Court

Fort Bend County, Texas

Trial Court
Cause No. 30,577

 

_____________________________________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Appellant Christopher Davalos appeals his conviction for possession of a
controlled substance.  Specifically, he
contends the trial court erred by granting the State’s motion to adjudicate
guilt based upon inadmissible hearsay evidence. 
We dismiss for want of jurisdiction. 


Facts

            Appellant
was charged by indictment with possession of a controlled substance.  Thereafter, he pleaded guilty and was placed
on deferred adjudication for four years. 
The State later moved to adjudicate appellant’s guilt for two
violations: (1) failure to complete community supervision; and (2) failure to
participate in a literacy program. 
During the adjudication hearing, appellant objected that community
service records were inadmissible hearsay and violated his right to
confrontation.  

Issue Not Appealable

            It is well settled that a court’s
determination to adjudicate guilt is controlled by article 42.12, sections
5(a)-(b) of the Code of Criminal Procedure. 
Section 5(b) provides that:  “No
appeal may be taken from this determination [to proceed with an adjudication of
guilt].” 
Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(b) (Vernon Supp. 2002); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992); Russell
v. State, 702 S.W.2d 617, 618 (Tex. Crim. App.
1985).  This prohibition on
appeals also bars claims involving deprivations of due process.  See Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Russell,
702 S.W.2d at 618.  Consequently, the
trial court’s decision to proceed with an adjudication of guilt is one of
absolute, nonreviewable discretion.  Williams v. State, 592 S.W.2d 931, 932–33 (Tex. Crim.
App. 1979).  Therefore, we have no
jurisdiction to review appellant’s complaints regarding admission of hearsay
and the resulting denial of his right to confrontation of witnesses.  Burger v. State, 920 S.W.2d 433, 437 (Tex. App.—Houston [1st Dist.]
1996, pet. ref’d).  Accordingly, we dismiss for want of
jurisdiction.  

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed February 6, 2003.

Panel
consists of Justices Edelman, Seymore, and Guzman.

Do Not Publish — Tex. R. App. P. 47.2(b).