Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

DAVID RENTERIA,
)
 No. 08-02-00328-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 243th District Court

)


THE STATE OF TEXAS,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 67223)


MEMORANDUM OPINION



 David Renteria has appealed his conviction for indecency with a child. Pending before us
is the State's motion to dismiss the appeal. Because we find that Appellant is attempting to appeal
the trial court's decision to adjudicate him guilty, we grant the motion and dismiss the appeal for
want of jurisdiction.

 In 1994, Appellant entered a plea of guilty to Count I of the indictment. The trial court
deferred adjudicating guilt and placed Appellant on community supervision for a term of ten years. 
On January 24, 2002, the State filed a motion to adjudicate guilt. Following a hearing on the motion,
the trial court found that Appellant had violated the terms and conditions of probation as alleged in
the motion to revoke. The trial court then adjudicated Appellant guilty and assessed punishment at
imprisonment for a term of twenty years. Appellant subsequently filed a notice of appeal. Appellant
raises a single issue in his brief, namely, that the trial court erred in failing to make findings of fact
and conclusions of law on the order revoking his deferred-adjudication community supervision. (1) In
his brief, Appellant asserts that "[a] probationer is entitled to know why his probation is being
revoked as a matter of due process," and he complains that the trial court's judgment adjudicating
guilt does not clearly set out the findings or conclusions on which the judgment is based. Appellant
reasons that the trial court violated his right to due process by failing to file findings of fact and
conclusions of law. The State alleges in its motion to dismiss that we lack jurisdiction of the appeal
because Appellant's complaint regarding the absence of the findings is an attempt to obtain review
of the trial court's adjudication of guilt. We agree.

 The Code of Criminal Procedure prohibits an appeal from a trial court's decision to proceed
with an adjudication of guilt. Tex.Code Crim.Proc.Ann. art. 42.12, § 5(b)(Vernon Supp. 2003). (2)
 
Thus, a defendant who has been adjudicated guilty of the original charge may not raise on appeal
contentions of error in the adjudication of guilt process. See, e.g., Connolly v. State, 983 S.W.2d
738, 740-41 (Tex.Crim.App. 1999)(reiterating what it characterized as the plain meaning of Article
42.12, section 5(b) and holding that defendant was not permitted to appeal whether State utilized due
diligence); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex.Crim.App. 1992)(following adjudication
of guilt, defendant not permitted to raise points of error related to alleged vagueness of conditions
of probation or sufficiency of motion to revoke); Phynes v. State, 828 S.W.2d 1, 2 (Tex.Crim.App.
1992)(defendant not permitted to raise point of error concerning whether his right to counsel had
been violated at adjudication hearing); Wright v. State, 592 S.W.2d 604, 606 (Tex.Crim.App.
1980)(holding that under the predecessor to Article 42.12, section 5(b), "no appeal may be taken
from the hearing in which the trial court determines to proceed with an adjudication of guilt on the
original charge"); Williams v. State, 592 S.W.2d 931, 932-33 (Tex.Crim.App. 1979)("the trial court's
decision to proceed with an adjudication of guilt, is one of absolute discretion and [is] not
reviewable . . ."). Included within Section 5(b)'s prohibition are claims that the trial court's decision
to adjudicate violated the defendant's right to due process. See Burger v. State, 920 S.W.2d 433,
436-37 (Tex.App.--Houston [1st Dist.] 1996, pet. ref'd)(appellate court could not review defendant's
complaint that the court improperly delegated its authority to set terms and conditions of probation
to the probation officer and that the court's determination to adjudicate his guilt based on a violation
of those terms and conditions was a violation of his rights to due process); Price v. State, 890 S.W.2d
478, 485 (Tex.App.--Dallas 1994, no pet.)(appellate court could not review defendant's complaint
that the trial judge's decision to proceed with an adjudication denied him due process).

 Although Appellant couches his issue on appeal as a complaint about the absence of findings
of fact and conclusions of law following the adjudication of guilt, the argument contained in
his brief reflects that he is actually complaining about the basis for the trial court's decision to
adjudicate and the failure of the court to "clearly set forth finding and conclusions in the order of
revocation . . . ." Consequently, we lack jurisdiction to review the issue raised by Appellant. The
State's motion to dismiss is granted and the appeal is dismissed for want of jurisdiction.


June 19, 2003 
 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)
1. Although Appellant had previously filed a request for findings in connection with other proceedings, he did
not file a request following the adjudication of guilt. 
2. Article 42.12, section 5(b) provides, in relevant part:


 On violation of a condition of community supervision imposed under Subsection (a) of this section,
the defendant may be arrested and detained as provided in Section 21 of this article. The defendant
is entitled to a hearing limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. No appeal may be taken from this determination.


Tex.Code Crim.Proc.Ann. art. 42.12, § 5(b).