IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00004-CR

 

Amy Marie Miller,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 220th District Court

Bosque County, Texas

Trial Court No. 03-07-13648-BCCR

 



MEMORANDUM  Opinion










 

      Miller appeals her sentence for
second-degree-felony possession of methamphetamine.  See Tex. Health & Safety Code Ann.
§ 481.115(a), (d) (Vernon 2003).  We affirm.

      In her sole issue, Miller argues that the
State should have given notice of its intent to seek cumulation of her sentences
before the close of the evidence.  See Tex.
Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2004-2005).  We assume
without deciding that Miller’s request to withdraw her plea preserves her
complaint.  See Tex. R. App. P.
33.1(a); Marrow v. State, No. 10-04-00104-CR, 2005 Tex. App. LEXIS 4592,
at *2-*3 (Tex. App.—Waco June 15, 2005, no pet. h.).  The decision to cumulate
a defendant’s sentences is in the trial court’s discretion in almost every
case.  Tex. Code Crim. Proc. Ann.
art. 42.08(a); see Ex parte Townsend, 137 S.W.3d 79, 81 (Tex. Crim. App.
2004); Pettigrew v. State, 48 S.W.3d 769, 771 (Tex. Crim. App. 2001). 
The statute does not require notice.  See Millslagle v. State, 150
S.W.3d 781, 784-85 (Tex. App.—Austin 2004, pet. dism’d).  We overrule Miller’s
issue.

      Having overruled Miller’s
issue, we affirm the judgment.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

      (Justice
Vance concurring with note)*

Affirmed

Opinion
delivered and filed July 13, 2005

Do
not publish

[CR25]

  *  (Justice Vance concurs.  The perfunctory
manner in which this opinion disposes of the issue does not assist the
litigants, the higher courts, the Bench and Bar, or the public.  Apparently
cumulation orders is a hot topic, based on the appeals we are seeing.  I
believe we should provide more of the facts and our analysis in memorandum
opinions.  Although I concur in the result, I cannot join this opinion.)






 evidence supports the State's allegation that he sexually
assaulted David Wayne Martin. He essentially argues that although he pled nolo contendere to
this sexual assault charge, the State did not introduce a judicial confession or stipulation of
evidence to support his plea. Article 1.15 of the Texas Code of Criminal Procedure mandates that
a jury must convict a defendant unless he expressly waives his right to a jury in writing when he
enters his plea in person and in open court. Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon
Supp. 1996). After a defendant waives his right to a jury and enters his plea, article 1.15 requires: 
the state to introduce evidence into the record showing the guilt of the defendant
and said evidence shall be accepted by the court as the basis for its judgment and
in no event shall a person charged be convicted upon his plea without sufficient
evidence to support the same. The evidence may be stipulated if the defendant in
such case consents in writing, in open court, to waive the appearance,
confrontation, and cross-examination of witnesses, and further consents either to
an oral stipulation of evidence and testimony or to introduction of testimony by
affidavits, written statements of the witnesses, and any other documentary evidence
in support of the judgment of the court. Such waiver and consent must be
approved by the court in writing, and be filed in the file of the papers of the cause. 

Id.
          In other words, article 1.15 imposes a burden on the State to offer proof to support a plea
of guilty or nolo contendere. Ex Parte Williams, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986). 
 The trial court accepts this evidence to support the judgment, not the plea of guilty or nolo
contendere. Id. Additionally, evidence supporting a plea of guilty or nolo contendere can consist
of oral or written stipulations which do not "contain a confession of guilt by the accused." Burger
v. State, 920 S.W.2d 433, 435 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd); see also Galitz
v. State, 617 S.W.2d 949, 954-55 (Tex. Crim. App. 1981) (affirming the defendant's conviction
although the defendant executed a written stipulation to the State's witnesses but struck the words
"judicial confession" and "truth of the allegations" from the plea form); Matheson v. State, 832
S.W.2d 692, 693 (Tex. App.—Corpus Christi 1992, no pet.) (holding that the supporting evidence
may include a judicial confession alone or written or oral stipulations of evidence containing a
confession of guilt by the accused).
          After reviewing the record in this case, we find that there is sufficient evidence to support
Fitzsimmons' conviction. Fitzsimmons signed a written stipulation of evidence in which he
admitted committing every element of the offense, aggravated sexual assault of a child. In the
stipulation, he also waived appearance, confrontation, and cross-examination of witnesses and
agreed to stipulate to the oral testimony, affidavits, written statements of witnesses, and other
documentary evidence. At the hearing, the State introduced the stipulation as exhibit four, and
Fitzsimmons acknowledged that he waived his right to a jury, confrontation, and cross-examination and that his plea was voluntary and freely given. The trial judge then proceeded to
ask if he understood all the allegations in the indictment and if he had committed the offense. 
Fitzsimmons confirmed that he understood all the allegations and that he had committed the
offense. Thus, we hold that the plea of nolo contendere and the stipulation of all the elements in
the indictment are sufficient to support the trial court's finding of guilt, and we overrule the point.
          The State has asked us to reform the judgment in cause number 10-95-137-CR which shows
that Fitzsimmons pled guilty instead of nolo contendere. We reform the judgment so that it
reflects Fitzsimmons' plea of nolo contendere and affirm it as modified. We also affirm the other
judgments.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed 
Opinion delivered and filed October 30, 1996
Do not publish