Opinion filed February 2, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed February 2, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00136-CR 

 

                                                    __________

 

                               NEWMAN ELMO JONES III, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 91st District Court

 

                                                        Eastland
County, Texas

 

                                             Trial
Court Cause No. CR-01-19,324

 



 

                                                                   O
P I N I O N

 

Newman Elmo Jones III originally pleaded guilty to
the offense of aggravated sexual assault of a child.  Pursuant to the terms of the plea bargain
agreement, the trial court deferred the adjudication of appellant=s guilt and placed him on community
supervision for ten years.  The State
subsequently filed a motion to proceed with an adjudication of guilt.  The trial court granted the motion, convicted
appellant of the offense, and assessed his punishment at confinement for twenty
years.  We dismiss the appeal.  








Appellant presents three issues for appellate
review.  In his first issue, appellant
challenges the constitutionality of Tex.
Code Crim. Proc. Ann. art. 42.12, '
5(b) (Vernon Supp. 2005).  He contends
that the statute violates his rights to due process and equal protection
because it prohibits him from appealing the trial court=s
decision to adjudicate guilt.  In his
second issue, appellant asserts that he was denied due process because he
violated the terms and conditions of his community supervision as a result of
being subjected to conflicting obligations or misinformation from his community
supervision officer.  In the third issue,
appellant contends that adjudication was improper because the evidence was
neither legally nor factually sufficient to revoke appellant=s deferred adjudication community
supervision.  

Article 42.12, section 5(b) deprives this court of
the authority to address appellant=s
issues.  Hogans v. State, 176
S.W.3d 829 (Tex. Crim. App. 2005); Connolly v. State, 983 S.W.2d 738
(Tex. Crim. App. 1999); Phynes v. State, 828 S.W.2d 1 (Tex. Crim. App.
1992); Olowosuko v. State, 826 S.W.2d 940 (Tex. Crim. App. 1992).  Article 42.12, section 5(b) provides in part:


On violation of a condition of
community supervision imposed under Subsection (a) of this section, the
defendant may be arrested and detained as provided in Section 21 of this
article.  The defendant is entitled to a
hearing limited to the determination by the court of whether it proceeds with
an adjudication of guilt on the original charge.  No appeal may be taken from this determination.  (Emphasis added)

Appellant may not use a direct appeal as the vehicle to assert
contentions relating to the adjudication of guilt process.  Connolly, 983 S.W.2d at 741; Phynes,
828 S.W.2d at 2.  Accordingly, on direct
appeal, appellant may not challenge the constitutionality of the limitation to
appeal found in Article 42.12, section 5(b). 
Trevino v. State, 962 S.W.2d 176 (Tex. App.CFort Worth 1998, pet. ref=d); Leal v. State, 962 S.W.2d
652 (Tex. App.CCorpus
Christi 1998, no pet.).  Moreover, we
note that other courts have addressed the constitutional issues raised by
appellant and have held that Article 42.12, section 5(b) does not violate the
rights to due process and equal protection. 
Atchison v. State, 124 S.W.3d 755, 760 (Tex. App.CAustin 2003, pet. ref=d); Faerman v. State, 966 S.W.2d
843, 846-47 (Tex. App.CHouston
[14th Dist.] 1998, no pet.).  We
agree.  

The appeal is dismissed.  

 

February 2, 2006                                                                     TERRY
McCALL

Do not
publish.  See Tex. R. App. P. 47.2(b).                         JUSTICE

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.