NOS.
12-06-00266-CR

         
12-06-00267-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

TIMOTHY MASSEY,            §                      APPEAL FROM THE 294TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      VAN ZANDT COUNTY, TEXAS

                                                                                                                                    
                       

MEMORANDUM OPINION

            Timothy
Massey appeals his two convictions for aggravated sexual assault of a
child.  He was originally placed on
deferred adjudication community supervision pursuant to plea bargain agreements
in each case.  Less than a year later,
the trial court entered judgment adjudicating guilt in both cases and assessed
punishment at imprisonment for life in each case.  In three issues, Appellant asserts that the
trial court abused its discretion in determining he violated conditions of his
community supervision, his trial counsel was ineffective, and the statutory
prohibition on appealing adjudication hearings violates the Fourteenth
Amendment to the United States Constitution. 
We affirm.

 

Background

            Appellant
was indicted for aggravated sexual assault of two children.  He waived his right to a jury trial,
stipulated to the evidence, and pleaded guilty to both offenses.  Pursuant to plea bargain agreements, the
trial court placed Appellant on ten years of deferred adjudication community
supervision and assessed a fine of $1,500.00 in each case.  About nine months later, the State filed a
motion to adjudicate and revoke community supervision in each case.  The trial court found that Appellant violated
the terms and conditions of his community supervision, granted the State’s
motion, and found Appellant guilty in each case.  As punishment, the trial court assessed a
fine of $10,000.00 in each case and two concurrent life sentences.

 

Adjudication

            In
his first issue, Appellant contends the trial court abused its discretion in
determining he violated conditions of his community supervision in the absence
of a written judgment or order setting forth the conditions.  He argues that, because there was no evidence
of those conditions before the court, there was no basis on which to accept
testimony regarding any failure to comply with those conditions. 

            The
Texas Code of Criminal Procedure specifically states that no appeal may be
taken from a trial court’s determination to proceed with an adjudication of
guilt.  Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 2006).  Moreover, the decision to adjudicate rests
within the absolute discretion of the trial court.  See Rocha v. State, 903 S.W.2d
789, 790 (Tex. App.–Dallas 1995, no pet.). 
Therefore, a defendant cannot challenge the sufficiency of the evidence
supporting the trial court’s decision to adjudicate.  See DeLeon v. State, 797 S.W.2d
186,188 (Tex. App.–Corpus Christi 1990, no pet.).  We dismiss Appellant’s first issue for want
of jurisdiction.

 

Ineffective
Assistance of Counsel

            In
his second issue, Appellant asserts he was denied effective assistance of
counsel when trial counsel failed to present any evidence at the sentencing
hearing.  He argues that he would have
presented sympathetic evidence diminishing his culpability, character evidence
that would have influenced the trial court’s determination, or some mitigating
circumstance.  He contends that there is
a reasonable probability that, if the trial court had heard and considered
mitigating factors surrounding the case, the outcome of the sentencing hearing
would have been different.

            The
United States Supreme Court has established a two part test, also adopted by
Texas courts, to determine whether the representation of counsel was
effective.  The defendant must show that
(1) counsel’s representation fell below an objective standard of
reasonableness, and (2) there is a reasonable probability that, but for counsel’s
unprofessional errors, the results of the proceedings would have been
different.  Strickland v.
Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d
674 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim.
App. 1986).  Absent a showing of both
prongs of the Strickland test, this court cannot conclude that a
defendant’s conviction resulted from a breakdown in the adversarial process
such that it rendered the result unreliable. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  Claims of ineffective assistance of counsel
must be supported by the record.  See
Mercado v. State, 615 S.W.2d 225, 228 (Tex. Crim. App. [Panel
Op.] 1981).  Appellant has the burden to
establish his claims by a preponderance of the evidence.  Jackson v. State, 973 S.W.2d
954, 956 (Tex. Crim. App. 1998).

            Here,
there is nothing in the record to show why counsel did not present any evidence
at the sentencing phase.  When the record
contains no evidence of the reasoning behind counsel’s actions, we cannot
conclude that counsel’s performance was deficient.  Jackson v. State, 877 S.W.2d
768, 771-72 (Tex. Crim. App. 1994). 
Furthermore, this record does not show what, if any, mitigating
evidence, “sympathetic evidence diminishing his culpability,” or “favorable
character evidence” was available to be presented to the trial court.  Appellant has not overcome the strong
presumption that counsel’s conduct fell within the wide range of professional
assistance.  See Strickland,
466 U.S. at 689-90, 104 S. Ct. at 2065. 
We overrule Appellant’s second issue.

 

Equal
Protection

            In
his third issue, Appellant contends that the statutory prohibition against
appealing adjudication hearings violates his right of equal protection under
the Fourteenth Amendment to the United States Constitution.  He asserts that there are two classes of
persons granted community supervision, those with a suspended sentence and
those who receive deferred adjudication. 
He argues that Texas law should either deny the right of appeal to both
classes of probationers or grant the right to both upon conviction.  He contends the present law creates a
distinction between the classes “in reference to the right of appeal that is
arbitrary, capricious, and therefore unconstitutional.”

            In
reviewing equal protection challenges, unless a classification limits
fundamental personal rights or is drawn upon inherently suspect distinctions,
the court will presume the constitutionality of the statutory discrimination
and require only that the classification challenged be rationally related to a
legitimate state interest.  See Wood
v. State, 18 S.W.3d. 642, 650-51 (Tex. Crim. App. 2000).  The United States Constitution does not
require any sort of appellate review.  Griffin
v. Illinois, 351 U.S. 12, 18, 76 S. Ct. 585, 590, 100 L. Ed. 891
(1956).  In Texas, the right to appeal is
statutory, not constitutional.  Ex
parte Spring, 586 S.W.2d 482, 485-86 (Tex. Crim. App. 1978).  It is settled that the right to appeal does
not create a suspect class or infringe on a fundamental right.  Burger v. State, 920 S.W.2d 433,
437 (Tex. App.–Houston [1st Dist.] 1996, pet. ref’d).  

            Furthermore,
as several courts of appeal have determined, there is a rational basis for
treating deferred adjudication probationers differently from regular
probationers.  See Atchison
v. State, 124 S.W.3d 755, 760 (Tex. App.–Austin 2003, pet. ref’d) (op.
on reh’g); Faerman v. State, 966 S.W.2d 843, 847 (Tex. App.–Houston
[14th Dist.] 1998, no pet.); Burger, 920 S.W.2d at 437-38; Rocha,
903 S.W.2d at 791.  Deferred adjudication
probationers are given a valuable benefit that regular probationers do not
get.  The deferred adjudication
probationer who successfully completes his probation will have no criminal
record.  See Tex. Code Crim. Proc. Ann. art. 42.12, §
5.  In exchange for this privilege, the
deferred adjudication probationer relinquishes the right to appeal the
revocation of that probation, thereby conserving the judicial and prosecutorial
resources of the State.  Rocha,
903 S.W.2d at 791.  To allow deferred
adjudication probationers to appeal these determinations would negate the
benefit bestowed upon the State.  Id.  Thus, the classifications of probationers
created by Article 42.12 are rationally related to a legitimate State interest
and not violative of the equal protection clause of the Fourteenth
Amendment.  See Atchison,
124 S.W.3d at 760; Burger, 920 S.W.2d at 438; Rocha,
903 S.W.2d at 791.  We overrule Appellant’s
third issue.

 

Disposition

            We affirm
the trial court’s judgments.

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

Opinion delivered July 31,
2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

(DO NOT PUBLISH)