Eddie KELLER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 09–92–013 CR.

Court of Appeals of Texas,
Beaumont.

April 28, 1993.

Discretionary Review Refused
Sept. 22, 1993.

Jim Heaney, Blaise J. Heaney, Houston,
for appellant.

Tom Maness, Dist. Atty., John R. De-
Witt, Asst. Criminal Dist. Atty., Beaumont,
for state.

Before WALKER, C.J., and
BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

On September 10, 1990, appellant received five years deferred adjudication and a $1,500 fine for the felony offense of Possession of a Controlled Substance (cocaine). Appellant's plea was a result of a plea bargain agreement which the trial court followed. On March 22, 1991, appellant pleaded true to allegations contained in a motion to revoke his probation. The trial court found the allegations true and modified appellant's probation by assessing appellant thirty days in the Jefferson County Jail, thereafter appellant would remain on deferred adjudication probation.

On January 3, 1992, appellant pleaded untrue to allegations contained in a second motion to revoke probation filed by the State. The trial court found three of the four allegations true, proceeded to adjudicate appellant's guilt for the original charge of possession of a controlled substance, found appellant guilty of the offense and assessed appellant's punishment at twenty years confinement in the Institutional Division of the Texas Department of Criminal Justice.

On appeal, appellant brings fifteen points of error for our consideration. We shall consider appellant's points of error one through nine together in that they contend that TEX.CODE CRIM.PROC.ANN. art. 42.-12, sec. 5(b) (Vernon Supp.1993) is unconstitutional because it does not allow appellant the right to an appeal from the trial court's determination to proceed with an adjudication of guilt.[1] Appellant's complaints are grounded in the due process and equal protection provisions of the United States Constitution and the Texas Constitution.

We are aided in a swift disposition of appellant's first nine points of error by quoting from the Court of Criminal Appeals decision of *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992). Addressing the constitutional ramifications of sec. 5(b), the Court stated:

Article 42.12, V.A.C.C.P., controls questions concerning adult probation and applications to revoke probation. Art. 42.12, sec. 5(b) specifically provides that there shall be no appeal taken from the trial court's determination to adjudicate. It has long since been recognized that the United States Constitution does not require a state to provide appellate courts or a right to appellate review of criminal convictions. [See, e.g., *McKane v. Durston*, 153 U.S. 684, 687–688, 14 S.Ct. 913, 914–915, 38 L.Ed. 867, 868–869 (1894)] It is clear, therefore, that a state may limit or even deny the right to appeal a criminal conviction. Similarly, as there is nothing in the Texas Constitution which guarantees the right to appeal a criminal conviction, that right is only as provided by the legislature. It naturally follows that when a legislative enactment says an accused may not appeal a determination to adjudicate, there is no right to do so.

Because appellant is statutorily precluded from appealing the determination to adjudicate we have no jurisdiction to entertain points of error one through nine. Those points are dismissed.

Points of error ten, thirteen, fourteen and fifteen all complain of trial court error in either the proceedings involved in the adjudication hearing or sufficiency of the evidence used to support revocation. As clearly pointed out by the Court of Criminal Appeals in *Olowosuko v. State*, 826 S.W.2d 940, 942 (Tex.Crim.App.1992):

Article 42.12, sec. 5(b) expressly allows an appeal of all proceedings *after* adjudication of guilt on the original charge, but because appellant does not advance any point of error directed to the judgment of the trial court, the court of appeals also

---

1. Section 5(b) provides:

On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 24 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

properly affirmed that judgment. (emphasis theirs)

We understand the above language from *Olowosuko* as saying that up to the point where the trial court adjudicates an appellant's guilt for the originally probated offense, nothing that occurred which may have led the trial court to proceed to adjudicate, i.e., find the appellant guilty or not guilty, is appealable based on art. 42.12, sec. 5(b). In the instant case, the statement of facts from the January 3, 1992 adjudication hearing closes with the following rendition by the trial court:

THE COURT: The Court having heard testimony and argument of counsel, makes the following findings.

As to count one, the Court finds true.

Count two, the Court previously instructed a verdict of untrue.

Count three, the Court finds true.

Count four, the Court finds true.

Therefore the probation received by this defendant on September 10, 1990, is hereby revoked. The Court now finds the defendant guilty of the offense of possession of a controlled substance, and assesses his punishment at confinement in the penitentiary for a term of 20 years. The defendant is hereby sentenced to 20 years in the penitentiary. He will be given credit for all jail time served. No bond allowed.

In the instant case, appellant recognizes the strictness of the application of art. 42.-12, sec. 5(b) as his argument embraces the remarks contained in Judge Overstreet's concurring opinion in *Olowosuko*. Judge Overstreet's concern about the "unfettered discretion of trial courts in deciding to proceed with an adjudication of guilt irrespective of whether a violation of the terms and conditions of probation has been shown" is apparently not shared by a majority of the Court or by significant numbers in the Legislature. Based on our interpretation of *Olowosuko*, we again find that appellant is precluded from appealing the procedures occurring prior to the trial court's adjudica-

tion of guilt. Points of error ten, thirteen, fourteen and fifteen are dismissed.

■ Appellant's eleventh point of error contends, "the appellant was denied due process where the trial court failed to properly admonish him as to the difference between regular probation and deferred adjudication probation." This point of error can be boiled down to the following argument set out in appellant's brief:

It is the contention of the Appellant that his plea was not giving (sic) knowingly and voluntarily where the trial court failed to admonish him that there would be no appeal if his probation was revoked while being on deferred adjudication.

Tex.Code Crim.Proc.Ann. art. 26.13 (Vernon 1989 & Vernon Supp.1993) lists the admonishments that a trial court must first provide to an accused prior to the trial court accepting the accused's plea of guilty or nolo contendere.[2] In the instant case, the statement of facts of the August 17, 1990 proceedings in which appellant pleaded guilty to the instant offense reflects that each admonishment set out in art. 26.13 was fully complied with and that appellant verbally acknowledged that his plea was a knowing and voluntary one, and that he understood everything he signed prior to pleading guilty.

In *McNew v. State*, 608 S.W.2d 166, 177 (Tex.Crim.App.1980) (opinion on rehearing), the Court of Criminal Appeals stated that while it would be better practice for the trial court to admonish a defendant as to the consequences of deferred adjudication, art. 26.13 does not require such an admonishment. *See also, Shields v. State*, 608 S.W.2d 924, 927 (Tex.Crim.App.1980). Indeed, the original opinion in *McNew* discussed a variety of instances in which the Court of Criminal Appeals has held that admonishments from the trial court are not necessary. *McNew*, 608 S.W.2d at 172. Quoting from *Rose v. State*, 465 S.W.2d 147 (Tex.Crim.App.1971), the *McNew* opinion provides the following guidance:

**2.** The trial court's failure to comply with art. 26.13 admonitions may be raised for the first time on appeal. *See Williams v. State*, 415

S.W.2d 917, 919 (Tex.Crim.App.1967); *Vera v. State*, 821 S.W.2d 725 (Tex.App.—Corpus Christi 1991, no pet.).

[w]e know of no rule requiring the court to instruct the accused on every aspect of the law pertinent to the case when the accused pleads guilty. It is not the court's function to act as legal counsel for the appellant.

*McNew*, 608 S.W.2d at 173. From the above discussion, we find that point of error eleven is without merit and is overruled.

■ Point of error twelve avers, "The trial court abused it's (sic) discretion by not granting appellant's motion for new trial on his probation revocation." We note at the outset our disagreement with the State's position that this point of error may be lumped in with points of error one through nine and, therefore, overruled based upon the language of TEX.CODE CRIM. PROC.ANN. art. 42.12, sec. 5(b) (Vernon Supp.1993). As we noted above, the *Olowosuko* case interpreted art. 42.12, sec. 5(b) as expressly allowing an appeal of all proceedings *after* adjudication of guilt on the original charge. *Olowosuko*, 826 S.W.2d at 942. A motion for new trial is a post-adjudication proceeding. We must therefore address this point on its merits.

■ To authorize a new trial upon the basis of newly discovered evidence, as is the basis for appellant's motion for new trial, the appellant must establish that: (1) The evidence was unknown to the appellant at the time of his trial; (2) the appellant's failure to discover the evidence was not due to his want of diligence; (3) the materiality of the evidence is such as would probably bring about a different result in another trial, and (4) the evidence is admissible and not merely cumulative, corroborative, collateral or impeaching. *Drew v. State*, 743 S.W.2d 207, 226 (Tex.Crim.App.1987), *cert. filed*, September 15, 1992, No. 92–5865.

■ In the instant case, Deputy Paul Simpson of the Jefferson County Sheriff's Office testified that on February 6, 1991, at just after 10:00 p.m., while working in an undercover capacity, he purchased what turned out to be a cocaine rock from appellant. Deputy Simpson positively identified appellant as the individual that sold him the cocaine rock. The next witness was Officer Janice King of the Port Arthur Police Department. She was also working in an undercover capacity that evening with Deputy Simpson. Officer King testified that she remained in the car during the transaction between Deputy Simpson and appellant, but she did observe Deputy Simpson and appellant walk together around the side of a house where the delivery took place. Officer King also positively identified appellant as the individual who approached her and Deputy Simpson the evening of February 6, 1991. Officer King testified that she knew appellant from many previous incidents while she was a patrol officer.

Appellant took the stand in his own behalf and testified that on the night of February 6, 1991, he was at his aunt's house at 1117 Seventh Avenue in Port Arthur. Appellant stated that he was not out after 10:00 p.m. that night. Appellant testified to nothing else with regard to his actions on the night of February 6, 1991. An examination of the four affidavits that accompany appellant's second motion for new trial reveals that each one does nothing more than corroborate appellant's testimony of being at 1117 Seventh Avenue on February 6, 1991, and state that appellant was present the entire time at that address from about 4:00 p.m. until about 12–midnight. Each affidavit also states that there was some sort of get-together at 1117 Seventh Avenue that evening and lists approximately ten other people who were there.

We fail to see how the existence of at least ten people who could corroborate his alibi was unknown to appellant at the time of the adjudication hearing. As the record does not reflect that appellant ever requested a hearing on his second motion for new trial, the record before us is silent as to the diligence exercised by appellant in discovering the "new" evidence. Furthermore, we cannot say that these affidavits, standing on their own, contain the type of material evidence that would probably bring about a different result in a new adjudication hearing. Each affidavit is almost identical as to form and quite similar

as to content. Finally, as mentioned above, each affidavit is merely cumulative and corroborative of appellant's alibi testimony. We cannot say, therefore, that the trial court abused its discretion in denying appellant's second motion for new trial. *See Etter v. State*, 679 S.W.2d 511 (Tex.Crim. App.1984); *Alford v. State*, 807 S.W.2d 840 (Tex.App.—Waco 1991, no pet.). Point of error twelve is overruled.

Finding no error in points of error eleven and twelve, and dismissing the remaining points of error, we affirm the judgment and sentence of the trial court.

APPEAL DISMISSED IN PART; AFFIRMED.