# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-00-00338-CR

---

**Fernando Garcia, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
NO. B-98-0080-S, HONORABLE DICK ALCALA, JUDGE PRESIDING**

---

Appellant Fernando Garcia was placed on ten years' deferred adjudication and community supervision after he pleaded guilty to the charge of aggravated assault with a deadly weapon, a second degree felony. *See* Tex. Pen. Code Ann. § 22.02(a)(2) (West 1994). The trial court later revoked the community supervision, adjudicated guilt, and assessed appellant's punishment at imprisonment for fifteen years. On appeal, appellant complains of ineffective assistance of counsel at the revocation hearing. We will dismiss appellant's claim for want of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 1998, appellant was charged with aggravated assault with a deadly weapon. On August 11, 1998, pursuant to a plea agreement, appellant was placed on ten years' deferred adjudication. In February 1999, the State filed a motion seeking a revocation of appellant's probation and an adjudication of guilt, alleging that appellant had violated several

conditions of community supervision. At the adjudication proceeding, shortly after the commencement of the hearing, and out of the presence of any witnesses, appellant's trial counsel required appellant, on the record, to acknowledge and to reject a plea offer made by the State. Appellant's trial counsel specifically had appellant acknowledge that the State would recommend ten years' imprisonment, that the judge's range of punishment could be anywhere from continuation of probation to a sentence of two to twenty years in the penitentiary, and that appellant did not want to accept the plea agreement that the State offered. Further, appellant's trial counsel required appellant to acknowledge that he understood all of his rights in connection with the motion to revoke his deferred adjudication and that appellant still wanted to proceed with the hearing. The trial court subsequently found appellant guilty of violating the terms of his probation and sentenced him to fifteen years. Appellant raises one issue on appeal.

## DISCUSSION

On appeal, appellant contends that his attorney improperly elicited testimony from him at the revocation proceeding which advised the trial court of the plea bargain negotiations that had occurred between appellant and the State. Appellant argues that this necessarily affected the court's final decision. Appellant contends that this action by his lawyer constituted ineffective assistance of counsel, in violation of appellant's Sixth Amendment right to counsel. *See* U.S. Const. amend. VI. Further, appellant argues that the ineffectiveness of his counsel was of such a magnitude as to necessitate reversal of this cause and a remand for retrial.

Article 42.12 of the Code of Criminal Procedure controls questions concerning adult probation and applications to revoke probation. Tex. Code Crim. Proc. Ann. art. 42.12

2

(West 1979 & Supp. 2001); *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). Section 5(b) provides:

> On violation of a condition of [deferred adjudication] community supervision [i.e., probation] imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination . . . .

Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Supp. 2001). It has long since been recognized that the United States Constitution does not require a state to provide appellate courts or a right to appellate review of criminal convictions. *Phynes*, 828 S.W.2d at 2 (citing *McKane v. Durston*, 153 U.S. 684, 687-88 (1894)). As a result, a state may limit or even deny the right to appeal a criminal conviction. *Id.* Similarly, there is nothing in the Texas Constitution that guarantees the right to appeal a criminal conviction; that right is only provided by the legislature. *Id.*

The Court of Criminal Appeals has held that an appellant whose deferred adjudication probation has been revoked and who subsequently has been adjudicated guilty of the original charge may not raise on appeal contentions of error in the adjudication of guilt process. *Connolly v. State*, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999) (holding that article 42.12, section 5(b) prohibits defendant from raising a claim of error in the adjudication of guilt process); *Phynes*, 828 S.W.2d at 2 (stating that even if appellant's right to counsel had been violated, he could not use direct appeal as the vehicle by which to seek redress); *Williams v. State*, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979) ("the trial court's decision to proceed with an adjudication of guilt is one of absolute discretion and not reviewable by this Court")*; see also*

3

George E. Dix & Robert O. Dawson, *Texas Criminal Practice & Procedure* § 43.117 (1995). Moreover, the legislature has not rejected the Court of Criminal Appeals's interpretation of this statute. *See State v. Hall,* 829 S.W.2d 184, 187 (Tex. Crim. App. 1992) (stating that prolonged legislative silence following judicial interpretation of statute implies approval of interpretation). We, therefore, overrule appellant's single point of error.

## CONCLUSION

We hold that appellant is prohibited from raising a claim of error in the adjudication of guilt process and therefore dismiss his claim of ineffective assistance of counsel for want of jurisdiction.

_____

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Dismissed for Want of Jurisdiction

Filed:   April 12, 2001

Publish