Affirmed and Memorandum Opinion filed May 1, 2003









Affirmed and Memorandum Opinion filed May 1, 2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00432-CR

____________

 

DONALD BICKFORD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 831,366

 



 

M E M O R A N D U M   O
P I N I O N








Appellant, Donald Bickford, pleaded guilty to aggravated
sexual assault of a child.  The judge
deferred adjudication of guilt and placed appellant on community supervision
for five years.  Later, the State filed a
motion to adjudicate guilt.  After a
hearing, the trial court found appellant guilty and assessed punishment at
confinement for  25 years.  Appellant filed a motion for new trial that
the trial court denied after a hearing. 
In one point of error, appellant claims the trial court abused its
discretion in overruling the motion for new trial, because the appellant
received ineffective assistance of counsel during the punishment phase of his
hearing.  We affirm.[1]

Appellant contends he received ineffective assistance of
counsel in violation of the Sixth Amendment because his trial counsel (1)
presented no evidence at the sentencing phase, (2) did not understand the
consequences of an additional law violation being alleged in the revocation, (3)
failed to interview a mitigation witness, (4) failed to object to prejudicial
hearsay, and (5) failed to subpoena the co-defendant.

As noted above, the trial court denied appellant=s motion for new trial based on the reasons
he raises here.  The grant or denial of a
motion for new trial is a matter entirely within the trial court=s discretion and will not be reversed
absent an abuse of discretion.  State
v. Gonzales, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993).  An abuse of discretion occurs when the trial
court=s decision is so clearly wrong as to
lie outside the zone of reasonable disagreement.  Cantu v. State, 842 S.W.2d 667, 683
(Tex. Crim. App. 1992).  At a hearing on
the motion for new trial, the trial court is the sole judge of witness
credibility.  See Lewis v. State,
911 S.W.2d 1, 7 (Tex. Crim. App. 1995). 
The trial court may properly consider the interest and bias of any
witness and is not required to accept a defendant=s testimony as true.  See Messer v. State, 757 S.W.2d 820,
828 (Tex. App.CHouston [1st Dist.] 1988, pet. ref’d).








The standard for reviewing claims of ineffective assistance
of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687
(1984).  For counsel to be ineffective,
appellant must show that his counsel=s representation fell below an
objective standard of reasonableness, and that, but for the counsel=s unprofessional errors, the result
of the proceeding would have been different. 
Id.; Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim.
App. 1986).

Appellant must prove the ineffectiveness of counsel by a
preponderance of the evidence.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  In doing this, appellant must overcome the
strong presumption that counsel=s conduct is within the wide range of professional
assistance.  Strickland, 466 U.S.
at 688B89. 
In reviewing the lower court=s finding, we conclude that it did
not abuse its discretion in denying a new trial based on ineffective assistance
of counsel.

The State moved to adjudicate guilt on five grounds.  Appellant pled true to three of  the counts, including using marijuana on two
separate occasions and failing to pay supervision fees as directed by the trial
court.  A defendant receiving deferred
adjudication may be detained “on violation of a condition of community
supervision.”  Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2003) (emphasis
added).  A motion to revoke need only
allege a failure to comply with the probationary conditions.  See Champion v. State, 590 S.W.2d 495,
497 (Tex. Crim. App. 1979) (finding failure to pay court costs and restitution
alone were grounds for revocation); see also Whiteside v. State,
468 S.W.2d 831 (Tex. Crim. App. 1971). 
Here, appellant admitted to violating at least two community supervision
terms: failure to pay fees and use of illegal drugs.  This alone would be sufficient to revoke
probation.

Thus, no matter how defective counsel=s performance may have been, the
outcome of the proceeding would have been the same.  Therefore, the trial court was within its
discretion to deny appellant=s motion for new trial. 
We overrule appellant=s sole point of error and affirm the trial court=s judgment.

 

/s/        Wanda McKee
Fowler

Justice

 








 

Judgment rendered and Memorandum Opinion filed May 1, 2003.

Panel consists of Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex. R. App. P.
47.2(b).

 











[1]  Although not
argued by either party, it should be noted that this court has proper
jurisdiction over this case.  Generally,
an Aappeal may not be taken from the trial court=s determination to proceed with an adjudication of
guilt.@  See Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2001).  Although the substance of appellant=s motion for new trial involved claims arising from
the determination to adjudicate, the issue he presentsCdenial of his motion for new trialCdoes not arise from the determination to adjudicate
guilt.  See Buerger
v. State, 60 S.W.3d 358, 361 (Tex. App.CHouston
[14th Dist.] 2001, no pet.); Keller v. State, 854 S.W.2d 224, 225B26 (Tex. App.CBeaumont
1993, no pet.).