# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00068-CR

**Steve Soto, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 00-944-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Steve Soto was placed on deferred adjudication community supervision after he pleaded guilty to tampering with evidence. *See* Tex. Pen. Code Ann. § 37.09 (West 2003). Two years later, after a hearing on the State's motion to adjudicate, the district court adjudged him guilty and imposed a ten-year prison sentence. On appeal, appellant contends the deferred adjudication statute is unconstitutional. He also asserts that he was unlawfully arrested and that the evidence introduced at the adjudication hearing was not sufficient to revoke supervision. We will overrule these contentions and affirm.

In his first point of error, appellant contends code of criminal procedure article 42.12, section 5(b) denies due process, due course, and equal protection of law because it does not permit an appeal of the decision to adjudicate. Tex. Code Crim. Proc. Ann. art 42.12, §5(b) (West Supp. 2003). He argues that without appellate review of the adjudication decision, none of the

constitutional safeguards that are applicable to the revocation of regular probation can be enforced in the context of deferred adjudication.

Article 42.12, section 5(b)'s limitation on appeal does not violate either the United States or Texas constitution because there is no constitutional right to appeal. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); *Garcia v. State*, 45 S.W.3d 740, 742 (Tex. App.—Austin 2001, pet. ref'd). Appellant's facial challenge to the constitutionality of article 42.12, section 5(b) must also fail because he does not claim or show that the statute cannot operate in a constitutional manner. *See United States v. Salerno*, 481 U.S. 739, 745 (1987). We also note that the statutory prohibition on appeals from the decision to adjudicate applies even to claims that article 42.12, section 5(b) is unconstitutional. *Kendall v. State*, 929 S.W.2d 509, 510 (Tex. App.—Fort Worth 1996, pet. ref'd). And we agree with the other courts of appeals that have held the disparate treatment of regular and deferred adjudication probationers does not violate the equal protection guarantee. *See Burger v. State*, 920 S.W.2d 433, 437-38 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd); *Rocha v. State*, 903 S.W.2d 789, 791 (Tex. App.—Dallas 1995, no pet.). Point of error one is overruled.

We dismiss appellant's second point of error, by which he claims that the State failed to prove the violation alleged in its motion to adjudicate. The sufficiency of the evidence to support the decision to adjudicate is not reviewable on appeal under the terms of article 42.12, section 5(b). *Williams v. State*, 592 S.W.2d 931, 932 (Tex. Crim. App. 1979).

In his third point of error, appellant asserts that the warrant or capias for his arrest issued after the State filed its motion to adjudicate was not supported by probable cause, and that all fruits of the arrest should have been suppressed. He does not identify those fruits, nor does he refer

2

us to the place in the record where they were admitted in evidence over his timely objection.  If appellant is claiming that evidence was unlawfully admitted at the adjudication hearing, the claim is barred by article 42.12, section 5(b).  *See Garcia*, 45 S.W.3d at 742 (constitutional error in adjudication process cannot be raised on appeal).  Point of error three is overruled.

The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Kidd and Patterson

Affirmed

Filed:   August 29, 2003

Do Not Publish