**Chad L. BUTLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–02–01126–CR, 01–02–01127–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 26, 2004.

Rehearing Overruled April 1, 2004.

Leslie Werner de Soliz, Brown & Associates, Victoria, William Patterson, Pasadena, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney—Harris County, Dan McCrory, Assistant District Attorney, William J. Delmore, III, Chief Prosecutor, Appellate Division, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices JENNINGS and LAURA CARTER HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

In these two appeals, we determine whether we have jurisdiction to review the trial court's denial of motions for new trial when the substance of the challenged motions related to the trial court's determination to adjudicate guilt. Because we conclude that the appeals presented here constitute "appeal[s] ... taken from th[e] determination" to adjudicate an appellant's guilt, as prohibited by Code of Criminal Procedure article 42.12 section 5(b), we dismiss the appeals for lack of jurisdiction. Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.2004).

## Background

Appellant, Chad L. Butler, pled guilty to offenses of aggravated assault and possession of less than one gram of cocaine. Pursuant to a plea agreement, the trial court deferred an adjudication of guilt for both offenses and placed appellant on community supervision for four years in the aggravated assault case and for two years in the possession case. One year later, the State filed motions to adjudicate guilt in each case, alleging that appellant violated numerous conditions of his community supervision. Without an agreed recommendation as to punishment, appellant pled true to the allegations in the State's mo-

tions to adjudicate. The trial court found appellant guilty of both offenses and sentenced him to eight years' confinement for aggravated assault and to eight months' confinement for possession of cocaine.

Appellant filed motions for new trial in each cause, alleging that his pleas of true to the allegations in the State's motions to adjudicate were involuntary. Appellant alleged that his trial counsel was ineffective for misleading him to believe that the maximum sentence that he could receive was four years. Appellant also averred that he suffered from bipolar disorder and that he was not taking the proper medication at the time of the adjudication proceeding. In support of his motions, appellant submitted his own affidavit and the affidavits of several family members. In sum, the affidavits stated that appellant's bipolar disorder required him to take certain medications. The affiants asserted that when appellant did not take the proper medication, he became depressed, disoriented, confused, and forgetful. Appellant and his mother averred that appellant was not taking his medication at the time of the adjudication proceeding.

In response, the State offered the affidavit of the attorney who had prosecuted the motions to adjudicate. According to the prosecutor, appellant did not appear to be suffering from a mental illness at the time of the hearing. The prosecutor's affidavit was admitted at the hearing on appellant's motions for new trial over appellant's objections.

The trial court conducted a hearing on appellant's motions for new trial at which it considered the motions based on the parties' affidavits without hearing live testimony. Following closing arguments, the trial court denied appellant's motions for new trial, but gave appellant permission to appeal.

## Issues Presented

■ In both appeals, appellant complains that his pleas of true to the allegations in the States motions to adjudicate were involuntary. In four issues, appellant contends that (1) appellant's trial counsel was ineffective during the guilt phase of the adjudication proceeding in failing to properly advise appellant of the proper range of punishment; (2) the trial court abused its discretion in denying appellant's motions for new trial because the affidavits presented by appellant showed that appellant "did not have the requisite mental capacity to comprehend the nature and effect of his plea, thereby rendering his plea involuntary"; and (3) the trial court erred in admitting the prosecutor's affidavit at the motion for new trial hearing because it contained "conclusory statements."

## Jurisdiction[1]

■ Code of Criminal Procedure article 42.12, section 5(b) expressly denies a defendant the right to appeal from a trial court's determination to adjudicate guilt. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2004); *Connolly v. State*, 983 S.W.2d 738, 741 (Tex.Crim.App.1999). This includes claims of involuntariness and ineffective assistance of counsel during the guilt phase of the adjudication process. *Hargrave v. State*, 10 S.W.3d 355, 360 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd) (opinion on rehearing) (involuntariness of plea of true); *Garcia v. State*, 45 S.W.3d 740, 741–42 (Tex.App.-Austin 2001, pet. ref'd) (ineffective assistance of counsel during guilt phase). Thus, it is elementary

---

1. A court may sua sponte review its subject matter jurisdiction. *State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim.App.1996).

that we lack jurisdiction to consider appellant's fourth issue in which he contends that his pleas of true were involuntary because he received ineffective assistance of counsel during the guilt phase of the adjudication proceeding.

We recognize that article 42.12, section 5(b) allows an appeal of complaints arising from proceedings that occur *after* the adjudication of guilt. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b); *see also Kirtley v. State*, 56 S.W.3d 48, 51 (Tex.Crim.App. 2001) (holding appellant sentenced under guilty plea agreement can appeal aspects of "second phase to determine punishment"); *Jones v. State*, 39 S.W.3d 691, 692–93 (Tex.App.-Corpus Christi 2001, no pet.) (holding appellate court had jurisdiction to consider whether appellant was denied effective assistance of counsel during 30–day period for filing motion for new trial because complaint arose from what appellant alleged failed to occur *after* adjudication of guilt). Although framed as challenges to post-adjudication rulings, i.e., challenges to the trial court's denial of his motions for new trial and its evidentiary ruling admitting the prosecutor's affidavit, the substance of appellant's first, second, and third issues are in fact impermissible challenges to the trial court's decision to proceed to adjudication of appellant's guilt. In support of these issues, appellant argues that his pleas were involuntary because he was not taking the proper bipolar medication at the time of the adjudication proceeding. That appellant's first, second, and third issues constitute a challenge to the trial court's decision to proceed to adjudication becomes apparent when read in the context of the record in this case.

At the adjudication proceeding, the trial court inquired into appellant's competency before finding him guilty. Appellant informed the trial court that he suffered from mental illness for which he was taking medication. Appellant told the trial court that he "fully and completely" understood the charges against him and responded affirmatively when asked whether he was able to communicate with his attorney. Appellant's defense counsel informed the trial court that he believed appellant was competent and understood both the nature of the accusations in the motions to adjudicate and the consequences of his pleas of true. At the hearing on appellant's motions for new trial, the trial court recalled that it had considered appellant's competency at the adjudication proceeding.

We also recognize that, in *Keller v. State*, the Beaumont Court of Appeals held that it had jurisdiction to consider a challenge to the trial court's denial of the defendant's post-adjudication motion for new trial. 854 S.W.2d 224, 227 (Tex.App.-Beaumont 1993, pet. ref'd). In *Keller*, the defendant had filed a motion for new trial alleging that he had discovered, post-adjudication, new evidence that proved appellant's innocence. *Id.* The *Keller* court reasoned that it had appellate jurisdiction to review the defendant's challenge to the trial court's denial of his motion for new trial because "[a] motion for new trial is a post-adjudication proceeding." *Id.* In deciding whether it had appellate jurisdiction to consider the challenge to the trial court's denial of the motion for new trial, the *Keller* court did not discuss whether the substance of the defendant's appellate complaint was in fact an attack on the trial court's decision to proceed with an adjudication of guilt. For this reason, we decline to follow *Keller*.

Undeniably, a motion for new trial is a post-adjudication proceeding. *See Daniels v. State*, 63 S.W.3d 67, 69 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd) (holding that appellant's claim that trial court erred in failing to hold hearing on motion for new trial did not arise from determination

to adjudicate guilt, but rather from post-adjudication proceeding). However, when the substance of a defendant's motion for new trial serves to challenge a trial court's decision related to the adjudication of guilt process, the defendant may not circumvent article 42.12, section 5(b)'s prohibition against appealing such determination by recasting his appellate challenge as a complaint that the trial court abused its discretion in denying his motion for new trial. *See Connolly,* 983 S.W.2d at 741 (holding that appellant whose deferred adjudication has been revoked and who has been adjudicated guilty "may not raise on appeal contentions of error in the adjudication of guilt *process* " not just in *decision* to proceed to adjudication) (emphasis added); *see also Amaro v. State,* 970 S.W.2d 172, 173 (Tex.App.-Fort Worth 1998, no pet.) (recognizing distinction between appeal of trial court's denial of post-adjudication motion for new trial, substance of which involved claims arising from decision to adjudicate guilt, and appeal of trial court's failure to hold hearing on motion for new trial, which does not arise from decision to adjudicate). In other words, appellant cannot do through the backdoor what he expressly is prohibited from doing through the front door.

The complaints asserted in appellant's motions for new trial arise from the trial court's decision to adjudicate appellant's guilt. *See Connolly,* 983 S.W.2d at 741 (suggesting that any decision not related to trial court's jurisdiction is intrinsically part of trial court's decision to adjudicate guilt and is therefore not appealable). Thus, the trial court's denial of appellant's motions for new trial, though made in a separate post-adjudication proceeding, were not a separate determination from its decision to proceed with an adjudication of guilt and were part of the adjudication of guilt process. If we addressed appellant's complaints regarding the trial court's rulings on his motions for new trial, then we would be considering the merits of the trial court's determination to proceed with the adjudication of guilt in this case. This we may not do. *See Olowosuko v. State,* 826 S.W.2d 940, 942 (Tex.Crim.App.1992) (noting that Court of Criminal Appeals has held that legislature meant what it said in article 42.12, section 5(b): "No appeal may be taken from this determination [to proceed with an adjudication of guilt].") (citing *Williams v. State,* 592 S.W.2d 931, 932 (Tex.Crim.App.1979)).

We hold that, because the complaints brought in appellant's first, second, and third issues arise from the trial court's determination to proceed with an adjudication of guilt, we lack jurisdiction to consider these issues.

### Conclusion

Having no jurisdiction to consider appellant's issues, we dismiss both appeals for lack of jurisdiction.