Affirmed and Memorandum Opinion filed May 20, 2004









Affirmed and Memorandum Opinion filed May 20, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01327-CR

____________

 

KENYA McGUIRE,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
180th District Court

Harris County,
Texas

Trial Court Cause No.
909,426

 



 

M E M O R A N D U M   O P I N I O N








Appellant entered a plea of guilty to the felony offense of
forgery.  In accordance with the terms of
a plea bargain agreement with the State, on December 16, 2002, the trial
court  deferred a finding of guilt and
placed appellant on deferred adjudication community supervision for five
years.  The State subsequently moved to
adjudicate appellant=s guilt.  On November
17, 2003, the trial court conducted a hearing on the State=s motion.  Appellant entered a plea of true to eleven
paragraphs alleging violations of the community supervision order.  The trial court found the allegations true,
entered a finding of guilt, and sentenced appellant to confinement for eight
years in the Institutional Division of the Texas Department of Criminal
Justice.  Appellant filed a pro se notice
of appeal.

Appellant=s appointed counsel filed a brief in which she concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  On April 15,
2004, and May 4, 2004, appellant filed pro se responses to counsel=s brief.  In his responses, appellant complains about
the trial court=s admission of hearsay testimony, ineffective assistance of
counsel, and the punishment assessed.  We
find appellant has failed to allege any arguable points of error.

An appellant whose deferred adjudication probation has been
revoked and who has been adjudicated guilty of the original charge, may not
raise on appeal contentions of error in the adjudication of guilt process.  Connolly v. State, 983 S.W.2d 738, 741
(Tex. Crim. App. 1999).  Therefore,
appellant may not challenge the admissibility of evidence or the effectiveness
of counsel at the adjudication hearing.  See Garcia
v.. State, 45 S.W.3d 740, 741‑42 (Tex. App.CAustin 2001, pet. ref=d). 
Nor can he challenge counsel=s performance at the original plea
proceedings.  A defendant placed on
deferred adjudication community supervision may raise issues relating to the
original plea proceeding only in appeals taken when deferred adjudication
community supervision is first imposed.  Manuel
v. State , 994 S.W.2d 658, 659 (Tex. Crim. App. 1999).  








A defendant placed on deferred adjudication probation under a
guilty plea agreement whose guilt is later adjudicated may appeal issues
unrelated to his conviction, however.  Kirtley
v. State, 56 S.W.3d 48, 51 (Tex. Crim. App. 2001).  Thus, appellant may challenge issues related
to his punishment.  Appellant complains
that it is unfair that he was sentenced to eight years in prison when he had
been placed on community supervision for only five years.  A sentence of eight years is within the range
of punishment for the third degree felony offense of forgery.  See Tex.
Pen. Code Ann. ' 12.34(a) (Vernon 2003). 
When a prosecutor recommends deferred adjudication in exchange for a
defendant=s plea of guilty or nolo contendere,
the trial judge does not exceed that recommendation if, upon proceeding to an
adjudication of guilt, he later assesses any punishment within the range
allowed by law.  Vidaurri v. State,
49 S.W.3d 880, 885 (Tex. Crim. App. 2001). 


We have carefully reviewed the record, counsel=s brief, and appellant=s pro se responses, and we agree the
appeal is wholly frivolous and without merit. 
We find no reversible error in the record.  Further discussion of the brief or appellant=s responses would add nothing to the
jurisprudence of the state.

Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed May 20, 2004.

Panel consists of Chief Justice
Hedges and Justices Frost and Guzman. 

Do Not Publish C Tex. R. App. P. 47.2(b).