# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-03-00715-CR

**William Leon Alexander, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
NO. CR2001-314, HONORABLE JACK H. ROBISON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant William Leon Alexander was placed on deferred adjudication community supervision after he pleaded no contest to an indictment accusing him of aggravated assault. The State later moved for an adjudication. Following a hearing, appellant was adjudged guilty and a sentence of twenty years' imprisonment and a $10,000 fine was imposed.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

Appellant filed a pro se brief responding to counsel's frivolous appeal brief. He first contends that he has received ineffective assistance of counsel at his original trial, at the adjudication hearing, and on appeal. It is too late to appeal issues relating to the original plea proceeding. *See Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Moreover, no appeal can be taken from the decision to adjudicate. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2004); *Garcia v. State*, 45 S.W.3d 740, 742 (Tex. App.—Austin 2001, pet. ref'd). As to counsel's performance on this appeal, we find that he has fulfilled his obligations under *Anders*. Appellant's first pro se point of error is overruled.

Appellant's second point is that the evidence does not support the court's decision to revoke supervision and proceed to adjudication. Once again, this is an impermissible attack on the decision to adjudicate. Point two is overruled.

Next, appellant complains that he was denied a separate sentencing hearing following adjudication. *See Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992). Because appellant neither objected at the time nor filed a motion for new trial raising this issue, nothing is presented for review. *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999). The third pro se point is overruled.

Finally, appellant urges that new evidence entitles him to a new trial. Even if this were a proper matter to be raised for the first time on appeal, the allegation is not supported by the record before us. Pro se point of error four is overruled.

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing in the record that might arguably support the appeal.

The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed:   September 10, 2004

Do Not Publish