# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00326-CR

**Christopher Donald Ray Session a/k/a Orlando Myers, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 45712, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 1996, appellant Christopher Donald Ray Session pleaded guilty to possessing more than four grams of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2003). The district court found that the evidence substantiated appellant's guilt, deferred further proceedings, and placed appellant on community supervision for ten years. In 2004, the court heard the State's motion to adjudicate, adjudged appellant guilty, and imposed an enhanced sixty-five year sentence.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974);

*Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

Appellant has also filed a pro se brief raising seven points of error. Points one and two challenge the sufficiency of the evidence with regard to the violations alleged in the motion to adjudicate. These points are not properly before us, as the decision to proceed to adjudication is not appealable. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2004-05); *Garcia v. State*, 45 S.W.3d 740, 742 (Tex. App.—Austin 2001, pet. ref'd). For the same reason, we do not reach appellant's fourth point, in which he claims that a "material defense witness has been kept from the court," apparently at the adjudication hearing.

Appellant's third pro se point of error challenges the voluntariness of his guilty plea. This contention cannot be raised on appeal following revocation of supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001).

Pro se points of error five and six complain of statements made by the prosecutor during argument at the sentencing hearing. There was no objection to these statements and therefore nothing is presented for review. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).

Finally, appellant urges that the 27th District Court did not have jurisdiction to adjudicate him guilty and impose sentence because the indictment was filed in the 264th District Court, which also took his guilty plea and deferred his adjudication. In fact, the adjudication and sentencing proceedings were conducted in the 264th District Court, albeit before the elected judge of the 27th District Court, as reflected on the face of the district court's judgment. No error is shown. *See Casey v. State*, 519 S.W.2d 859, 860-61 (Tex. Crim. App. 1975).

2

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Kidd and Puryear

Affirmed

Filed:    December 2, 2004

Do Not Publish